The court being fully advised in the premises, find that The Cincinnati Gas & Electric Company and The Union Gas & Electric Company, entered into a contract and agreement of settlement with the city of Cincinnati, of their complaint No. 564 on the dockets and records of the Utilities Commission of Ohio, to ordinance No. 390-1915 of the city of Cincinnati, and that in pursuance of such settlement and agreement by which the city agreed that the higher rates and prices than those named in the ordinance, collected by said companies from July 6, 1915, to November 1, 1916, should be retained by the companies, upon condition that the rates and charges prescribed in the ordinance should be accepted by said utilities from November 1, 1916, to the end of the term provided for in said ordinance, — which agreement was made subject to the order and approval of the Utilities Commission. *468 That said Utilities Commission entered an order in pursuance of said agreement, and expressly found in said order that the rates which it so fixed had been agreed upon by and between the city and the gas company. That such agreement and settlement and the order of the Commission entered in pursuance thereto, is a binding contract between the city of Cincinnati and The Cincinnati Gas & Electric Company and The Union Gas & Electric Company, the same as if written acceptance of the rates named in this ordinance had been filed with the clerk of the said city by said companies, and binding upon the parties thereto during the term named in the ordinance.
And the court further find, that where an order of the Utilities Commission has been entered in a cause pending before it by agreement and in pursuance of a contract of settlement between the parties to the controversy pending before such commission, that the commission has no power or authority to open up and set aside such order, and relieve either of the parties to the contract from the terms and conditions thereof, during the time covered by the contract of settlement made by the parties thereto.
For the reason above stated and upon no other ground averred in the petition, it is ordered and adjudged, that a writ of prohibition issue as prayed for in the petition.

Writ to issue.

Nichols, C. J., Wanamaker, Matthias, Johnson and Donahue, JJ., concur.